UNITED STATES of America, Plaintiff,

v.

**Michael E. BANKS and McFarland Bragg, Defendants.**

No. 90–10057.

United States District Court, C.D. Illinois.

June 5, 1991.

L. Lee Smith, Sp. Asst. U.S. Atty., Peoria, Ill., for plaintiff.

Richard Parsons, Peoria, Ill., for defendants.

ORDER

MIHM, District Judge.

Before the Court is the government's Motion to perform psychological/psychiatric examinations upon the Defendant. For the reasons set forth below, this Motion is granted.

BACKGROUND

On December 19, 1990, a federal grand jury issued a ten count indictment against the Defendant Michael E. Banks ("Banks"). This indictment alleges that Banks, in his capacity as executive director of the Peoria Citizen's Committee for Economic Opportunity, Inc., made various fraudulent financial transactions. The indictment charged Banks with wire fraud, tax fraud, embezzlement, obtaining money by false pretenses, and knowingly making a false statement on a loan application.

On March 27, 1991, Banks filed, pursuant to Federal Rule of Criminal Procedure 12.-2(b), a notice of his intent to introduce expert testimony regarding a diminished mental capacity. Banks intends to introduce evidence regarding a condition known as "obstructive sleep apnea" to support a defense that he lacked the requisite intent to commit the offenses charged. On April 22, 1991, the government filed a motion for psychiatric and psychological examination of Banks. The government premised this request upon 18 U.S.C. § 4242(a), a section authorizing the government to seek an examination when the defendant intends to rely on the defense of insanity. Banks objected to this motion, noting that he was not raising an insanity defense and that the government's motion was therefore without merit. On May 3, 1991, this Court ordered the parties to submit briefs supporting their positions. A hearing was then held, at which time this Court ruled orally that it was granting the government's motion. The following opinion sets forth the reasons for that ruling.

DISCUSSION

Federal Rule of Criminal Procedure 12.2 outlines the procedure to be followed when

a defendant wishes to use a diminished mental capacity defense. Rule 12.2(a) provides that a defendant intending to rely upon an insanity defense must so notify the government in writing in advance of trial. Similarly, Rule 12.2(b) provides that a defendant intending to introduce expert testimony relating to a mental condition (presumably other than insanity) must also notify the government. The purpose of these provisions is

> to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony. Failure to give advance notice commonly results in the necessity for a continuance in the middle of a trial, thus unnecessarily delaying the administration of justice.

Notes of Advisory Committee on Rules, 1974 Addition.

' ▇ However, Rule 12.2 grants the government more than simply a right to be notified of such defenses. Rule 12.2(c) allows the government to have their own expert examine the defendant to verify his defense. That section provides that "in an appropriate case ... the court may order the defendant to submit to an examination pursuant to 18 U.S.C. 4241 or 4242." Sections 4241 and 4242 deal with a court's authority to order the defendant to undergo psychiatric testing to determine his competency to stand trial or to determine the defendant's sanity at the time of the offense. These sections explicitly apply only to an insanity defense. The question presented here is whether Rule 12.2(c), given its reference to § 4242, authorizes a court to order psychiatric evaluation of a defendant who intends to rely on a mental incapacity defense other than insanity.

A straight reading of Rule 12.2(c) does not provide the answer to this question. On the one hand, the language in that section is broad, authorizing the court to order an examination in "an appropriate case." Since this provision immediately follows the provisions in both subsection (a) and (b), it would seem that it was meant to encompass both situations. However, Rule 12.2(c) goes on to say that, in such appropriate cases, the court should order the

examination pursuant to 18 U.S.C. § 4242, a section explicitly limited to cases involving an insanity defense. Given the opaque complexion of Rule 12.2(c) on this issue, it is appropriate to look behind the text of that provision to discern its intended meaning on this point.

The piece of legislative history which is most instructive on the scope of Rule 12.2(c) is the amendment made to that subsection in 1983 and the corresponding comments issued by the Advisory Committee on Rules. Prior to the 1983 amendments, Rule 12.2(c) provided, in relevant part, as follows:

> (c) **Mental Examination of Defendant.** In an appropriate case the court may, upon motion of the attorney for the government, order the defendant to submit to a mental examination *by a psychiatrist* or other expert designated for this purpose in the order of the court.

(Emphasis added). However, the 1983 amendments deleted the reference to "psychiatrist," and the rule has since provided, in relevant part, as follows:

> (c) **Mental Examination of Defendant.** In an appropriate case the court may, upon motion of the attorney for the government, order the defendant to submit to an *examination* pursuant to 18 U.S.C. 4241 or 4242.

(Emphasis added). The Advisory Committee explained that this language change was intended to reflect the government's authority to examine the defendant in situations other than where the defendant raises a traditional insanity defense. After noting, in reference to subsection (b), that "expert testimony about the defendant's mental condition may be tendered in a wide variety of circumstances," the Advisory Committee discussed the need for expanding the scope of subsection (c):

> The amendment of the first sentence of subdivision (c), recognizing that the government may seek to have defendant subjected to a mental examination by an expert other than a psychiatrist, is prompted by the same considerations discussed above. Because it is possible that the defendant will submit to examination

by an expert of his own other than a psychiatrist, it is necessary to recognize that it will sometimes be appropriate for a defendant to be examined by a government expert other than a psychiatrist. Notes of Advisory Committee on Rules, 1983 Amendment, reprinted at 18 U.S.C.A. Rules 12–17.1, 1986 Edition, at p. 84. Thus, it is apparent that the drafters of Rule 12.2(c) intended to allow the government to examine a defendant who intends to rely upon expert testimony regarding a mental condition. This provision was not intended to cover only those situations were the defendant raises a traditional insanity defense.

 Although it has not squarely confronted this issue, the Seventh Circuit apparently embraces this view of Rule 12.2(c). In *United States v. Buchbinder,* 796 F.2d 910 (7th Cir.1986), the court addressed the sanction to be imposed upon a criminal defendant who fails to provide the government, pursuant to Rule 12.2(b), with timely notice of diminished capacity expert testimony. In affirming the district court's exclusion of the defendant's expert testimony, the Seventh Circuit noted that the purpose behind the notice provision is "to enable the government to prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony." 796 F.2d at 915. In addition, the court opined, failure to provide timely notice prevents the government from exercising its right to have the defendant examined by its own expert.

It is evident that the government did not have sufficient time prior to trial to have the defendant examined by its own expert witnesses and to prepare psychiatric testimony of its own concerning the defendant's condition to rebut the defense expert's testimony if necessary.

796 F.2d at 915. *Buchbinder* reflects the Seventh Circuit's opinion that Rule 12.2(c) allows the government to examine a defendant who has raised a diminished capacity defense under (b). That decision, along with the legislative history behind Rule 12.-2(c), compels this Court to find that the government has a right to examine Banks in connection with his claim of a sleep disorder.

## CONCLUSION

For the reasons set forth above, the government's Motion for Psychiatric and Psychological Examination of Banks is GRANTED. This Court reserves for a future hearing the determination of where and when such examination should be performed.