**UNITED STATES of America**

v.

**Sally A. VEGA–PENARETE, Defendant.**

**No. 91–17–01–CR–4.**

United States District Court,
E.D. North Carolina,
New Bern Division.

June 21, 1991.

234

Capt. R.E. Breckenridge, Capt. Lorie Safrit, Sp. Asst. U.S. Attys., for U.S.

Rudolph A. Ashton, III, New Bern, N.C., Robert M. Rosenblum, Stroudsburg, Pa., for defendant.

## MEMORANDUM AND RECOMMENDATION AND ORDER

CHARLES K. McCOTTER, Jr., United States Magistrate Judge.

The United States seeks a Motion in Limine to prevent the introduction into evidence by the defendant of the mental condition known as Battered Wife Syndrome. Specifically, the government requests that expert testimony of the mental condition of the defendant as to whether the defendant's actions were the result of Battered Wife Syndrome be excluded pursuant to Federal Rule of Criminal Procedure 12.2(b), for failure to give notice of such testimony. In the alternative, the government requests that the defendant be ordered to immediately file notice with the court of her intention to rely on the Battered Wife Syndrome defense and that she be ordered to submit to an examination pursuant to 18 U.S.C. §§ 4241 and 4242. The Motion in Limine should be DENIED; however, the court GRANTS the motion for a mental examination of the defendant.

■ The government contends that it is entitled to a motion in limine because Rule 12.2(b) requires the defendant to give written notice of her intention to introduce expert testimony relating to the mental condition of the defendant bearing on the issue of guilt. Rule 12.2(b) provides that this notice be given during the time provided for the filing of pre-trial motions or at such later time as the court may direct. Should the defendant fail to give such notice, Rule 12.2(d) permits the court to exclude such evidence.

The government has long had notice of the potential for the defendant to base her defense on the condition known as Battered Wife Syndrome. Evidence of this defense surfaced as early as the detention hearing conducted on February 12, 1991. In fact, the court then made an inquiry of counsel as to whether a mental examination would be appropriate. Counsel then representing the defendant were unable to make such a motion because they had only been in the case for a short time.

Defense counsel proffers the following: At a meeting on March 14, 1991, defense counsel called attention of government counsel to a history of numerous beatings of the defendant by the victim and specifically stated that counsel would use the Battered Wife Syndrome as a defense. Defense counsel then requested medical records of the defendant and the victim. Counsel subsequently requested incident reports relating to domestic violence.

In a motion to compel, defense counsel noted that the case involved a "battered wife" who had been physically beaten by her husband on numerous occasions. In its motion in limine, the government recognized the distinct possibility of such a defense.

The government seeks the motion in limine, not because it was not aware of this defense, but because the defendant has failed to timely give written notice of her intention to use expert testimony.

In her response to the motion in limine, the defendant has given such notice. On the face of things, the notice does not appear timely. The time for the filing of pre-trial motions expired on April 1, 1991. However, for cause shown, the motion to exclude this evidence should be DENIED. *United States v. Cameron*, 907 F.2d 1051,

1057 (11th Cir.1990). The government has had early and sufficient notice of the defendant's intention to rely on evidence of Battered Wife Syndrome. Furthermore, this is a very serious case which requires much trial preparation and has resulted in two evidentiary hearings on the motion to suppress. The purpose of Rule 12.2(b) is to prevent the need for a continuance when such evidence is offered without prior notice. Fed.R.Crim.P. 12.2 advisory committee note. As the trial is scheduled for August 5, 1991, a denial of the motion in limine should not result in a continuance of the trial. *See United States v. Cecil*, 836 F.2d 1431, 1444 (4th Cir.1988), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 883 (1988). Also, defense counsel says that due to scheduling problems, he was unable to get his expert, Dr. Faye Sultan, in to see the defendant until Tuesday, May 21, 1991. Defense counsel says that on May 28, 1991, he formalized Dr. Sultan's appearance at trial.

■ In the alternative, the government seeks a mental examination of the defendant. Rule 12.2(c) permits the government to have their own expert examine the defendant to verify her defense. This rule provides that "in an appropriate case … the court may order the defendant to submit to an examination pursuant to 18 U.S.C. § 4241 or § 4242."

Sections 4241 and 4242 concern the court's authority to order a defendant to have psychiatric testing to determine the defendant's competency to stand trial or sanity at the time of the offense. These sections explicitly concern only an insanity defense. A question arises as to whether Rule 12.2(c), with its reference to § 4242, authorizes a court to order psychiatric evaluation of a defendant who intends to rely on a mental incapacity defense other than insanity. This court concludes that Rule 12.2(c) encompasses both situations.

Rule 12.2(c) was amended to its present form in 1983. The advisory committee commented that the amendment was intended to reflect the government's authority to examine a defendant in situations other than the traditional insanity defense.

The advisory committee, in reference to sub-section (b), noted that "expert testimony about the defendant's mental condition may be tendered in a wide variety of circumstances," and for this reason, sub-section (c) was amended to permit the government to have a defendant examined by an expert other than a psyciatrist. Rule 12.2, Fed.R.Crim.P., advisory committee notes.

Counsel for the defendant does not oppose the mental examination. Expert testimony on the Battered Wife Syndrome has been found to be admissible in federal court. *Arcoren v. United States*, 929 F.2d 1235 (8th Cir.1991); *see also, Fennell v. Goolsby*, 630 F.Supp. 451 (E.D.Pa.1985). State courts also have allowed expert testimony as to the Battered Wife Syndrome. *State v. Hennum*, 441 N.W.2d 793, 798 (Minn.1989); *Ibn–Tamas v. United States*, 407 A.2d 626 (App.D.C.1979); *Smith v. State*, 247 Ga. 612, 277 S.E.2d 678, 683 (1981); *State v. Myers*, 239 N.J.Super. 158, 570 A.2d 1260 (1990); *but see, State v. Thomas*, 66 Ohio St.2d 518, 423 N.E.2d 137 (1981). The government should have the opportunity to respond to the defendant's expert testimony on the Battered Wife Syndrome with testimony of its expert who has also examined the defendant. *See State v. Myers*, 570 A.2d at 1266.

During the preparation of this order, the court received a copy of a motion by the government for examination of the defendant as to the existence of insanity at the time of the offense and the bearing of the mental condition of Battered Wife Syndrome on the state of mind of the accused at the time of the offense. This motion may be moot by the court's order here. However, the motion specifically requests an inquiry into the question of insanity at the time of the offense and that the condition known as Battered Wife Syndrome be examined by a panel of government experts headed by Dr. Susan Roth. Counsel for the defendant shall respond to this new motion on or before July 1, 1991. Ruling on this motion should not otherwise delay the mental examination already ordered here, but it may expand upon the examination.

**236**

Pursuant to Rule 12.2, Fed.R.Crim.P., and 18 U.S.C. § 4242, the court ORDERS that a psychiatric or psychological examination of the defendant be conducted and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of § 4247(b) and (c).

NOW, THEREFORE, IT IS ORDERED:

1. That the defendant in the above case be examined by at least one qualified psychiatrist or psychologist under the provisions of 18 U.S.C. § 4247 to inquire into any mental condition of the defendant known as Battered Wife Syndrome bearing upon the issue of guilt. Rule 12.2(b)(c), Fed.R.Crim.P. The examining psychiatrist or psychologist shall prepare a written report, pursuant to 18 U.S.C. § 4247(c), including the examiner's opinions as to diagnosis, prognosis, and whether the defendant had a mental condition bearing upon the issue of guilt.

2. That the defendant be committed to the custody of the Attorney General of the United States or his authorized representative for hospitalization in accordance with the provisions of 18 U.S.C. § 4247, for a period of time not to exceed 30 days. The United States Marshal shall have the defendant back in the Eastern District of North Carolina for trial prior to August 1, 1991.

3. That the psychiatric or psychological reports shall be filed with the Court, with copies provided to counsel for the defendant and the attorney for the government.

4. That a certified copy of this Order shall be delivered to the examining psychiatrist or psychologist.

5. That any period of delay as a result of the psychiatric or psychological examination is in the best interest of the government and the defendant and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A). The Court finds that the ends of justice served by the examination outweigh the interest of the defendant and the public in a speedy trial.