UNITED STATES of America, Plaintiff,

v.

Daphne C. BELL, Defendant.

No. 93 CR 20050.

United States District Court,
N.D. Illinois,
Western Division.

May 17, 1994.

240

Mark A. Byrd, Byrd & Taylor, Rockford, IL, for defendant.

James T. Zuba, U.S. Atty's Office, Rockford, IL, for plaintiff.

## MEMORANDUM OPINION AND ORDER

REINHARD, District Judge.

## INTRODUCTION

Defendant, Daphne E. Bell, was indicted under 18 U.S.C. § 2113 A & D and 18 U.S.C. § 924(k) arising out of an armed bank robbery. The government filed before Magistrate Judge P. Michael Mahoney a motion for a court-ordered mental examination of defendant pursuant to Federal Rule of Criminal Procedure 12.2(c) and 18 U.S.C. §§ 4241 and 4242. The magistrate judge issued a memorandum opinion and order denying the government's motion. The government filed with this court an objection to the magistrate judge's order and a motion *in limine*.

## DISCUSSION

The primary issue presented to this court is whether there is a proper basis for the government to compel defendant to undergo a mental examination. The government contends there is because defendant intends to offer expert testimony as to her mental state and its relationship to the duress defense.

The court agrees with the conclusion of the magistrate judge that the government is not entitled to a court-ordered mental examination under Federal Rule of Criminal Procedure 12.2 and 18 U.S.C. §§ 4241 and 4242.

Rule 12.2(c) allows the government to have its own expert examine a defendant "in an appropriate case" and "pursuant to 18 U.S.C. 4241 or 4242." Fed.R.Crim.P. 12.2(c); *see United States v. Banks,* 137 F.R.D. 20, 21 (C.D.Ill.1991). Sections 4241 and 4242, however, expressly apply only to an insanity defense. *Banks,* 137 F.R.D. at 21. While two courts have interpreted Rule 12.2(c) to allow for expert examination of a defendant by the government under broader circumstances than an insanity defense, *see Banks,* 137 F.R.D. at 21–22; *United States v. Vega–Penarete,* 137 F.R.D. 233, 235 (E.D.N.C. 1991), this court finds neither case persuasive here.

First, the *Banks* decision is distinguishable from the present case in that the defense theory in *Banks* was based on the defendant's inability to formulate the requisite intent for the charged offenses. Thus, his defense was premised on a diminished mental capacity and, according to the court, fell within the plain language of Rule 12.2. Here, defendant's defense theory does not depend upon a diminished mental capacity. Rather, it seeks to excuse defendant from criminal responsibility for conduct she intentionally committed.

Second, this court finds the *Vega–Penarete* decision to be an unacceptable extension of Rule 12.2 to a defense that does not focus on the *mens rea* of a crime. Even were this court to accept the *Banks* extension of Rule 12.2 to diminished mental capacity defenses other than insanity, an issue this court need not decide, such extension does not support the *Vega–Penarete* interpretation of Rule 12.2. The defense in *Vega–Penarete,* the battered wife syndrome (BWS), is in the nature of self-defense. In other words, the BWS does not excuse criminal conduct because a defendant was incapable of formulating a requisite mental state. Rather, it presumes such mental state to exist but offers a legally recognizable justification for the conduct. Because such a defense is unrelated to a defendant's mental capacity, this court cannot agree with the *Vega–Penarete* court's application of Rule 12.2 in that regard.

Similarly, here, the duress defense, while implicating defendant's state of mind, does

not involve defendant's mental capacity, and Rule 12.2 and 18 U.S.C. §§ 4241 and 4242 do not provide a basis for the government to compel a mental examination of defendant under these circumstances. Consequently, this court finds the memorandum opinion and order not to be clearly erroneous or contrary to law, *see* 28 U.S.C. § 636(b)(1)(A), other than its conclusion that defendant's state of mind is irrelevant to a duress defense. As such, the court adopts the memorandum opinion and order with the following modification.

■■■■ The elements of a duress defense, as recognized in the Seventh Circuit, are: (1) an immediate threat of death or serious bodily harm; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm. *United States v. Tanner*, 941 F.2d 574, 587 (7th Cir.1991). More succinctly stated, "duress is a defense only if the defendant reasonably feared immediate death or severe bodily injury which could be avoided only by committing the criminal act charged." *Id.* While there is a dearth of federal cases addressing the issue, two courts support the proposition that the test for duress is objective rather than subjective, *see United States v. Henderson–Durand*, 985 F.2d 970, 976 (8th Cir.1993) (duress under sentencing guidelines is broader than defense of duress as it allows court to consider the subjective mental state and personal characteristics of the defendant); *United States v. Johnson*, 956 F.2d 894, 898 (9th Cir.1992) (subjective vulnerability of defendant not admissible to established duress). This court agrees that the test for the duress defense is an objective rather than subjective one.

■■■■ Nevertheless, as an objective inquiry, it remains proper for the trier of fact to consider the facts and circumstances surrounding a particular defendant's criminal undertaking in order to properly assess whether that defendant harbored a reasonable fear that an immediate threat would be carried out and that there was no reasonable opportunity to escape the threatened harm. A defendant's state of mind as it relates to whether her fear was reasonable is an objective criterion which may be testified to by defendant and considered by the trier of fact in this regard.

Finally, the court denies the government's motion *in limine* as based on defendant's assertions in open court she does not intend to offer expert testimony of the nature objected to by the motion. The government may refile a motion *in limine* based on defendant's further pretrial disclosure of her expert's anticipated testimony.

## CONCLUSION

For the foregoing reasons, the court adopts with modification the memorandum opinion and order of the magistrate judge and denies the government's motion *in limine.*

## *MEMORANDUM OPINION AND ORDER*

MAHONEY, United States Magistrate Judge.

The Government has filed a Motion For Court Ordered Mental Examination Of Defendant Daphne Bell (Bell), pursuant to Rule 12.2(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 4241 or § 4242. In addition, the Government has filed extensive points and authorities in support of its motion. While the Court has no quarrel with the Government's reading of Rule 12.2(c) or the decisions cited by the Government, it does not find them applicable to the case at hand. Therefore, the Government's motion is hereby DENIED.

### *BACKGROUND*

On December 3, 1993, Bell was arrested and charged with committing armed bank robbery and with using a weapon during a crime of violence. This court ordered Bell detained pending trial. On February 1, 1994, a federal grand jury returned a two count indictment alleging Bell violated 18 U.S.C. §§ 2113 A & D and § 924(k). Bell has plead not guilty to both counts of the indictment. As of the date of this Order, Bell has been incarcerated, pending trial, for approximately 145 days.

On February 4, 1994, Bell moved for leave to obtain an expert witness pursuant to 18

U.S.C. § 3006A. This court issued an order on February 25, 1994, granting Bell's motion. On March 22, 1994, Bell sent a written disclosure notice to the Government, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure.

On April 7, 1994, the Government filed the motion at bar. The Government's motion requests this court order Bell to submit to a psychiatric and/or psychological examination at the Federal Medical Center in Lexington, Kentucky. The Government's motion being fully briefed, the court heard oral argument in regard to the motion on Thursday, April 14, 1994.

## DISCUSSION

In her 12.2 notice, Bell suggests that her expert will take certain subjective matters into account as part of her testimony regarding the duress defense. If the court had to decide this issue based upon Bell's Rule 12.2 disclosure notice, the court is of the opinion that the Government's motion would be well taken. Bell appeared to be putting forth a modified mental capacity defense. However, based upon the representation of defense counsel at oral argument, it is now apparent that Bell intends to present a pure coercion/duress defense at trial.

The defense of duress [1] is a common law concept that federal criminal law has incorporated. *United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). There are three elements of the duress defense: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm. *United States v. Johnson, et al.,* 956 F.2d 894, 897 (9th Cir.1992). "[T]his Circuit follows the common law rule that duress is a defense only if the defendant reasonably feared immediate death or severe bodily injury which could be avoided only by committing the criminal act charged." *United States v. Stevison,* 471 F.2d 143, 147 (7th Cir.1972); *citing, Shannon v. United States,*

76 F.2d 490, 493 (10th Cir.1935). This objective standard is echoed by the Seventh Circuit Pattern Jury Instruction:

> A defendant who has been coerced must be found not guilty.

> If the defendant committed the offense charged only because she *reasonably* feared that immediate, serious bodily harm or death would be inflicted upon her (or others) if she did not commit the offense, and she had no *reasonable* opportunity to avoid the injury, then she was coerced.

Seventh Circuit Pattern Jury Instructions No. 4.05 (emphasis added).

The motion at bar was brought pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. The Government correctly notes that Rule 12.2(c) authorizes a court to order psychiatric evaluations of defendants pursuant to the 18 U.S.C. § 4242.[2] *See, United States v. Banks,* 137 F.R.D. 20, 21 (C.D.Ill. 1991). The Government also suggests that this court has inherent power, under Rule 12.2(c), to order an examination for the purpose of assessing a defendant's mental state at the time of the alleged offense. *See, United States v. Henderson,* 770 F.2d 724, 728 n. 4 (8th Cir.1985). However, Rule 12.2 deals with a defendant's competence or sanity. Further, every case cited by the Government in support of its motion involves a question of diminished mental capacity or the subjective state of mind of a defendant.

Duress excuses criminal conduct where the actor is under an unlawful threat of imminent death or serious bodily injury, which threat caused the actor to engage in conduct violating the literal terms of the criminal law. *Bailey,* 444 U.S. at 409, 100 S.Ct. at 634.

The theoretical basis for the duress defense is excuse; though the act is considered wrongful, the actor is not held responsible because he has taken the best possible course of action in a situation in which his "free will" has been severely curtailed but not entirely eliminated. Thus, the rationale for the defense is not

---

1. The parties have been using the term "coercion" or "coercion defense." The court has found that case law favors the term duress rather than coercion.

2. Section 4242 authorizes an exam when a defense of insanity is raised.

that the defendant, faced with the unnerving threat of harm unless he does an act which violates the literal language of the criminal law, somehow loses his mental capacity to commit the crime in question. Rather, it is that, although a defendant has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is excused or justified because he has thereby avoided a harm of greater magnitude. Thus, the defense of duress rests on the social utility of a defendant's actions when faced with a choice of evils.

*United States v. Bailey, et al.,* 585 F.2d 1087, 1111 (D.C.Cir.1978) (Wilkey, J. dissenting). Therefore, by definition, both Rule 12.2 and the cases cited are inapplicable to a duress defense.

Bell has requested and been allowed an expert witness. Expert testimony may be used in conjunction with a duress defense. Defendant's expert may help the jury understand the concepts surrounding the defense of duress. For example, other courts have allowed an expert to testify that the defendant's behavior was not inconsistent with being under duress, thus bolstering the credibility of the defense. *Johnson,* 956 F.2d at 900.

The Government has not requested parity of access for an examination similar to the examination made by Bell's expert. The Government contends that it is entitled to a psychiatric and/or psychological examination of Bell:

[I]n an effort to determine (1) whether the defendant reasonably feared on November 18, 1993, that immediate, serious bodily harm or death would be inflicted upon her, or others, if she did not enter the First of America Bank and demand money (2) whether the defendant's mental state on November 18, 1993 was such that she reasonably believed she had no alternative but to do what her male companion told her to do, and (3) whether the battered wife syndrome applies to the defendant, and if so, what impact it had on the defendant's mental capabilities on November 18, 1993.

United States' Motion For Court Ordered Mental Examination Of Defendant, Page 3 & 4, *United States v. Daphne C. Bell,* No. 93 CR 20050, (N.D.Ill.W.D.).

Whether Bell reasonably feared immediate bodily harm is the ultimate question for the trier of fact. Since 1984, expert testimony on this issue would be barred under Rule 704(b) of the Federal Rules of Evidence:

No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

*Federal Rule of Evidence,* Rule 704(b), as amended October 12, 1984. Bell's mental state and any testimony regarding battered wife/women syndrome is irrelevant to a duress defense. *See, Johnson,* 956 F.2d 894 (9th Cir.1992).

The United States' request for psychiatric and/or psychological examination is far beyond the scope of the examination made by Bell's expert. Further, it is the opinion of the Magistrate Judge that the information sought by the government, through the requested examination, would be either inadmissible under Rule 704(b) of the Federal Rules of Evidence, or irrelevant to a duress defense, thus negating this court's authority to order an examination pursuant to Rule 12.2(c) of the Federal Rules of Criminal Procedure.

### CONCLUSION

For the reasons specified the United States' Motion For Court Ordered Mental Examination Of Defendant is hereby DENIED.

DATE:  April 25, 1994