UNITED STATES of America

v.

Ann MOGENHAN, Defendant.

Criminal Action No. 96 cr 0084 RMU.

United States District Court,
District of Columbia.

July 22, 1996.

William E. Lawler, III, Assistant United States Attorney, Washington, D.C., for Plaintiff.

Thomas B. Smith, Ropes & Gray, Washington, D.C., for Defendant.

### *ORDER*

URBINA, District Judge.

## GRANTING THE GOVERNMENT'S MOTION TO PERFORM A MEDICAL EXAMINATION OF THE DEFENDANT

This matter comes before the court on the government's motion to perform a medical examination of the defendant. For the reasons contained herein, this motion is granted.

## BACKGROUND

On June 21, 1996, the government filed a three count superseding indictment against the defendant, Ann Mogenhan.[1] Count one of the indictment alleges that the defendant provided false testimony while under oath in a matter being heard before an administrative judge of the United States Equal Employment Opportunity Commission. Counts two and three of the indictment allege that the defendant made false statements in connection with claims to obtain benefits under the Federal Employees' Compensation Act. This matter is set for trial to begin on August 5, 1996.

On June 28, 1996, the defendant filed a notice of her intention to present expert testimony concerning the "existence, etiology, and effects of Ms. Mogenhan's migraine headache condition and its connection to her actions which have been placed in issue in

---

1. The original indictment was filed on March 21, 1996.

this case." [2] The government believes that the defendant intends to offer evidence that the defendant suffers from "memory loss," as a result of her migraine condition, in an attempt to negate a specific mental condition that is an element of the charged offenses. Both offenses require the government to prove that the statements were made knowingly. Therefore, pursuant to Fed.R.Crim.P. 12.2(c), the government is requesting that the court order the defendant to submit to an independent medical evaluation.

## DISCUSSION

■ In pertinent part, Fed.R.Crim.P. 12.2(c) provides: "[i]n an appropriate case the court may, upon motion of the attorney for the government, order the defendant to submit to an examination pursuant to 18 U.S.C. §§ 4241 or 4242." Section 4241 provides a court with the authority to order an independent examination to determine a defendant's competency to stand trial. Section 4242 provides the court with authority to order an independent examination to determine the existence of insanity at the time of the offense. The defendant argues that Rule 12.2(c) authorizes the court to order a medical evaluation only when competency or insanity are at issue. Having reviewed the comments of the Advisory Committee on Rules which accompany the 1983 amendments to Rule 12.2, subdivisions (b) and (c), the court concludes that Rule 12.2(c) was not intended to only cover those situations involving a traditional insanity defense. Rule 12.2(c) authorizes courts to order medical evaluations of a defendant who intends to rely on mental incapacity or any other mental condition as a defense. *See United States v. Banks*, 137 F.R.D. 20, 21 (C.D.Ill.1991) (reviewing the Advisory Committee Notes to the 1983 amendments and concluding that the drafters of Rule 12.2(c) intended to allow the government to examine a defendant who intends to rely upon expert testimony regarding a mental condition other than insanity); *United States v. Vega–Penarete*, 137 F.R.D. 233 (E.D.N.C.1991) (same). *But see, United States v. Marenghi*, 893 F.Supp. 85 (D.Me.1995) (rejecting the holdings of *Banks* and *Vega–Penarete* and holding that Rule 12.2(c) allows for court ordered examinations only when competency or sanity are at issue).

Prior to the 1983 amendments the relevant portion of Rule 12.2(b) provided: "[i]f a defendant intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether he had the mental state required for the offense charged, [he must inform the government]." Fed.R.Crim.P. 12.2(b) (1982). As a result of the 1983 amendments, the rule currently reads: "[i]f a defendant intends to introduce expert testimony relating to a mental disease or defect or any other *mental* condition *of the defendant bearing upon the issue of guilt,* [he must inform the government]." Fed.R.Crim.P. 12.2(b) (1996) (emphasis added). As courts allowed defendants to tender expert testimony on mental conditions other than disease or defect which could negate a defendant's culpability, Rule 12.2(b) was amended to clarify that its notice provision was applicable to all of these situations. *See* Notes of Advisory Committee on Rule 12.2, 1983 Amendments, reprinted in *Federal Criminal Code and Rules,* at 65–66 (West Publishing Co.1996). The Advisory Committee explained that the amendments were necessary, "because in all circumstances in which the defendant plans to offer expert testimony concerning his mental condition at the time of the crime charged, advance disclosure to the government will serve 'to permit adequate pretrial preparation, to prevent surprise at trial, and to avoid the necessity of delays during trial." *Id.* at 66 (quoting 2 A.B.A. Standards for Criminal Justice 11–55 (2d 1980)).

Prior to the 1983 amendments, the first sentence of Rule 12.2(c) stated that the court could order a defendant to submit to a mental examination by a psychiatrist. As Rule 12.2(b) was expanded to recognize that expert testimony could be provided on issues other than mental disease or defect, Rule 12.2(c) was amended to delete the reference

---

**2.** While the defendant did not refer to the notice as a notice pursuant to Fed.R.Crim.P. 12.2(b), the court treats it as such.

to "psychiatrist." The advisory committee stated that:

> The amendment of the first sentence of subdivision (c), recognizing that the government may seek to have defendant subjected to a mental examination by an expert other than a psychiatrist, is prompted by the same considerations discussed above [in the discussion of subdivision (b) ]. Because it is possible that the defendant will submit to examination by an expert of his own other than a psychiatrist, it is necessary to recognize that it will sometimes be appropriate for a defendant to be examined by a government expert other than a psychiatrist.

*Id.* at 66.

■ The court rejects the proposition that the drafters of Rule 12.2 intended that the government should only be allowed to examine the defendant when competency or insanity were at issue since they clearly contemplated that the government receive notice of the defendant's intention to offer expert testimony relating to *any* mental condition being raised as a defense. When the Advisory Committee Notes on the 1983 amendments to Rule 12.2(b) and (c) are read in concert, it is apparent to the court that the drafter's of Rule 12.2(c) intended to permit the government to examine a defendant who intends to rely upon expert testimony regarding any mental condition. To do otherwise would deny the government of information necessary to prepare an adequate response.[3]

Accordingly, it is this 22nd day of July 1996,

**ORDERED** that, pursuant to Fed. R.Crim.P. 12.2(c) and the inherent powers of the court, the government's motion be and is hereby **granted.** Ann Mogenhan shall submit to medical evaluations by the government's experts, to determine the defendant's mental condition at the time of the offenses charged, particularly as it relates to "memory loss," on or before **July 25, 1996;** and it is

**FURTHER ORDERED** that the government inform the court and defense counsel of the time and place of the evaluations no later than 5:00 p.m. on July 23, 1996; and it is

**ORDERED** that if the defendant intends to make discovery requests of the government, related to the medical evaluations, pursuant to Fed.R.Crim.P. 16(a)(1)(C), (D) or (E), such requests shall be made on or before July 30, 1996. If the defendant does make such requests, she shall comply with her disclosure obligations, pursuant to Fed. R.Crim.P. 16(b), within twenty-four hours of the government's compliance with her request; and it is

**FURTHER ORDERED** that courtesy copies of all further motions, oppositions, replies or other submissions be served upon

---

3. In instances where the insanity defense is raised, the burden is on the defendant to prove insanity by clear and convincing evidence. In such cases Rule 12.2(c) explicitly provides the government with the opportunity to obtain its own medical evaluation to rebut the defendant's assertions. The defendant is not raising an insanity defense in this instance, and the burden is on the government to prove beyond a reasonable doubt that the defendant had the requisite mental state at the time of the offenses. Accordingly, as the defendant has indicated her intention to introduce evidence to demonstrate that she lacked the mental state necessary to have committed the charged offenses, there is a necessity out of fairness which allows the court to rely on its inherent powers to allow the government to obtain an independent medical evaluation of the defendant. The court recognizes that it may be necessary for the government to examine the defendant if it is to provide a rebuttal which will be of assistance to the triers of fact in evaluating the testimony of the defendant's expert witnesses and, if she chooses to testify, of the defendant herself. The court is not persuaded that the government would be able to fashion an adequate response based solely on the defendant's medical records.

Additionally, expert testimony about an abnormal mental condition is admissible when a specific intent crime is charged only if it is relevant to negate the specific mental condition that is an element of the crime. *United States v. Childress,* 58 F.3d 693, 727–28 (D.C.Cir.1995); *United States v. Brawner,* 471 F.2d 969, 1002 (D.C.Cir. 1972) (*en banc* ). If evidence is potentially admissible as relevant to specific intent, it remains for the district court to "determine whether the testimony is grounded in sufficient scientific support to warrant use in the courtroom, and whether it would aid the jury in reaching a decision on the ultimate issues." *Childress,* 58 F.3d at 730 (quoting *Brawner,* 471 F.2d at 1002). The court concludes that the only way both parties will be able to present fully informed arguments, and thus aid the court in its traditional gate keeping function, is to permit each side an opportunity to obtain its own evaluation of the defendant's mental condition.

opposing counsel and the court by hand delivery or facsimile on the day of issuance.

**SO ORDERED.**[4]

---

**4.** The trial date of August 5, 1996 is firm. Should any extreme circumstance prompt either side to file a motion to continue the trial date, it will not be accepted after July 31, 1996.