The UNITED STATES of America

v.

Gregory TOWNS.

No. 97CR0050S.

United States District Court, W.D. New York.

Feb. 5, 1998.

William J. Gillmeister, U.S. Attorney's Office, Buffalo, NY, for U.S.

Kimberly A. Schechter, Federal Public Defenders Office, Buffalo, NY, for Gregory Towns.

## DECISION & ORDER

SCOTT, United States Magistrate Judge.

The instant matter before the court is the government's motion for an expert examination of the mental state of the defendant (Docket No. 32).

The defendant is charged with attempted bank robbery in violation of 18 U.S.C. § 2113(a) in an indictment filed March 19, 1997 It is alleged that on February 19, 1997, the defendant entered a M & T Bank and presented a teller with a note which read: "Hay Give me $275 now or I will Kill You I have a deadly weapon." The defendant also allegedly displayed a butter knife to the teller. The teller was able to alert a security guard who allegedly came up from behind, disarmed the defendant, and took him into custody.

Pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, defendant Gregory Towns has filed an Amended Notice stating that he will introduce expert testimony at trial about a mental illness to rebut proof that he intended to commit bank robbery. A report prepared by a psychologist retained by the defendant concludes that the defendant's "intent to commit a crime was significantly impaired by mental illness, alcohol dependence, and low intelligence." [1]

The defendant has refused, through his counsel, to voluntarily submit to a mental health examination by a government-retained expert. The government contends that by formally raising an alleged mental illness to rebut the government's proof of his *mens rea*, Towns puts his mental state in issue. The government, therefore, asks that the court utilize "its inherent authority" to order defendant Towns to submit to a mental examination by a government expert.

Although the government does not seek the examination pursuant to Section 12.2 of the Federal Rules of Criminal Procedure,[2] some discussion of whether the examination may be compelled under Rule 12.2 is useful. A defendant has, of course, a Fifth Amendment right against self-incrimination. Thus, there is some conflict between the defendant's Fifth Amendment right and the government's interest in investigating the validity of the asserted mental condition or illness which is proffered to negate an element of the alleged crime. Rule 12.2 attempts to deal with this tension, providing in relevant part:

(a) Defense of Insanity. If a defendant intends to rely upon the defense of insanity at the time of the alleged offense, the defendant shall, . . . notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk. . . .

(b) Expert Testimony of Defendant's Mental Condition. If a defendant intends to introduce expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing upon the issue of guilt, the defendant shall, . . . notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk. . . .

(c) Mental Examination of Defendant. In an appropriate case the court may, upon motion of the attorney for the government, order the defendant to submit to an examination pursuant to 18 U.S.C. 4241 or 4242. . . .

■ Pursuant to § 4241 of Title 18 of the United States Code, the court could order a competency examination only if it found "reasonable cause to believe" the defendant was incompetent to stand trial. Although a defendant may be under psychiatric care, "[i]t does not follow that because a person is mentally ill he is not competent to stand

---

1. Initially, the Court notes that expert testimony as to a defendant's mental state is greatly restricted by Rule 704(b) of the Federal Rules of Evidence. However, the rule does not prohibit all expert testimony which may give rise to an inference concerning a defendant's mental state. *United States v. DiDomenico*, 985 F.2d 1159 (2nd Cir.1993).

2. Seeking to "avoid the controversy over whether Rule 12.2 [of the Federal Rules of Criminal Procedure] authorizes the relief" sought here, the government specifically states that it does not seek the examination under Rule 12.2. Instead, the government moves for the instant relief only pursuant to the Court's inherent authority. See Memorandum in Support of the Government's Motion for an Expert Examination of the Mental State of the Defendant at page 8.

trial." *Newfield v. United States,* 565 F.2d 203, 206 (2d Cir.1977). Likewise, the express language of § 4242 suggests that it is not applicable in this case. Under § 4242, a court is required to order a psychiatric or psychological examination of the defendant on the motion of the government "[u]pon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity."

As the government notes, the Courts that have addressed this issue disagree as to whether Rule 12.2(c) authorizes the Court to order the examination of a defendant who gives notice under Rule 12.2(b) but who is not asserting an insanity or competency defense. Some Courts have ruled that the language of Rule 12.2 does not provide authorization to direct the defendant to undergo such an examination. *United States v. Davis,* 93 F.3d 1286 (6th Cir.1996) (district court lacked authority to order commitment for mental examination based only on defendant's notice of intent to offer defenses of diminished capacity or mental disease or defect or incapacity to form specific intent); *United States v. Akers,* 945 F.Supp. 1442 (D.Colo.1996) (Rule governing compelled mental examinations of defendants did not apply to defendant who claimed that her psychiatric condition prevented her from forming specific intent necessary to commit bank fraud, but did not raise insanity defense); *United States v. Marenghi,* 893 F.Supp. 85 (D.Maine 1995) (Defendant would not be required to submit to psychiatric examination under discovery rules, where determination of mental competency to stand trial and determination of existence of insanity at time of offense were not relevant to proceedings).

Other Courts have held that one of the purposes of Rule 12.2, as reflected in the Advisory Committee Notes, if not in the actual language itself, was to authorize such examinations where a defendant asserts a mental condition which purports to negate an element of the charged offense. *United States v. Lewis,* 53 F.3d 29 (4th Cir.1995) (court did not err in ordering defendant to undergo psychological examination, in light of defendant's notice to the government that he intended to rely on expert testimony to show he had sub-normal level of intelligence); *United States v. Banks,* 137 F.R.D. 20 (C.D.Ill.1991) (Rule allowing Government to have its expert examine defendant to verify insanity or diminished capacity defense authorizes court to order psychiatric evaluation of defendant who intends to rely on mental incapacity defense other than insanity, despite rule's reference to statutory section explicitly limited to cases involving insanity defense); *United States v. Vega–Penarete,* 137 F.R.D. 233 (E.D.N.C.1991) (Once defendant gave written notice of her intention to rely on expert evidence of battered wife syndrome, Government was entitled to an order directing the defendant to submit to mental examination to verify that defense; expert testimony on battered wife syndrome has been found admissible in federal courts, and Government should have opportunity to respond to that testimony).

There does not appear to be any Second Circuit authority interpreting whether an examination may be ordered under Rule 12.2 when a defendant asserts an intention to introduce evidence of a mental condition to negate an element of the charge but does not assert insanity or incompetence. It appears, however, that a strict reading of the language of Rule 12.2 and §§ 4241 and 4242 does not authorize the court to compel an examination under such circumstances. Further, as demonstrated by the Sixth Circuit in *Davis,* the Advisory Committee notes and commentary do not provide any clear basis for a finding that Congress intended to allow for such compelled examinations where a defendant serves a Rule 12.2(b) notice but does not assert insanity. *Davis,* 93 F.3d at 1292–94.

■ With this background in mind, the government now asks the Court to use its inherent authority to direct the examination of the defendant under the circumstances in this case. It is not disputed that the Court maintains inherent authority to direct such an examination. *Davis,* 93 F.3d at 1295. Again, there does not appear to by any precedent of the use of the Court's inherent power under similar circumstances in the

Second Circuit. This Court is not convinced that the disadvantage asserted by the government in this case may not be overcome without compelling the defendant's examination. Although stated in connection with the discussion of the scope of authority under Rule 12.2, the Court finds the sentiment expressed in *Marenghi* to be applicable with respect to the use of inherent authority under the circumstances present in this case:

> This Court, however, is loathe to submit Defendant to a psychiatric examination against [his] will in the absence of express statutory or administrative authority.... The fact that such an examination will assist the Government, which has the greater burden of proof on the mens rea issue, does not provide a basis for this Court to help "even the playing field." The statutes and rules establish the proper procedure for allocating burdens, rights, and obligations in federal criminal proceedings, and this Court sees no reason to stray from applying the sense and prudence of such rules and laws here.

*Marenghi*, 893 F.Supp. at 98.

Based on the circumstances present in this case, and upon due consideration of the arguments submitted, the Court declines to utilize its inherent authority to direct the mental examination of the defendant by the government.

So Ordered.